# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-00192-RPM-KMT

JAQUITA LYONS, on behalf of herself and
others similarly situated,

        Plaintiff,

v.

DISH NETWORK L.L.C.,

        Defendant.

---

**DEFENDANT DISH NETWORK L.L.C.'S MOTION FOR COSTS AND TO STAY THE PROCEEDINGS**

---

## CERTIFICATION OF COUNSEL

Pursuant to District of Colorado Local Civil Rule 7.1, counsel for Defendant DISH Network L.L.C. ("DISH") certifies that he contacted Plaintiff's counsel of record, who indicated that he did not believe there would be concurrence with the relief sought, but that counsel for DISH should inquire of "lead counsel." Counsel for DISH then attempted to contact lead counsel at the firm of Morgan & Morgan, P.A., but was unable to reach lead counsel to determine whether or not Plaintiff opposes the relief requested in this Motion.

## SUMMARY OF ARGUMENT

Plaintiff is forum shopping at DISH's expense. Federal Rule of Civil Procedure 41(d) was designed for exactly this type of situation—where a plaintiff files a complaint full of holes and without support, causes the other side to expend significant time and resources defending

1

itself, and then on the eve of losing (and possibly being forced to pay the defendant's fees under the applicable statute), the plaintiff dismisses and flees to another court. The Court should not condone such litigation tactics.

In the present proceedings, Plaintiff asserts a claim against DISH based upon a violation of 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act of 1991 (the "TCPA"). A year ago, Plaintiff filed a lawsuit in Florida state court against DISH that included the same claim.[1] Plaintiff's claims in the present proceedings and in the previous action are based upon the same telephone calls, which Plaintiff alleges DISH made to the telephone number (904) 554-3332[2] between October 2011 and December 2011.

In the previous action, Plaintiff (meritlessly) asserted 264 violations of § 227(b)(1)(A)(iii). Further, in the previous action, Plaintiff (meritlessly) asserted 264 violations of Florida's Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* (the "FCCPA"). Plaintiff does not reassert the FCCPA claims in the present proceedings. In the previous action, the parties engaged in full written discovery and litigated discovery-related and substantive motions. On the eve of being deposed (and after DISH's counsel had spent considerable time preparing for the deposition), and, thus, having to answer under oath for the first time with

---

[1] The previous action in Florida state court was styled *Jaquita Lyons v. DISH Network L.L.C.*, 162012CA1147. DISH removed the previous action to federal court, where it was styled *Jaquita Lyons v. DISH Network L.L.C.*, M.D. Fl. Case No. 3:12-cv-00199-TJC-MCR ("'199 case").

[2] The telephone number (904) 554-3332 was disclosed by Plaintiff in her complaint in the previous action. (*See* '199 case, Doc. 16-1, ¶ 15.)

respect to her allegations, Plaintiff—without any explanation whatsoever—moved the court to dismiss her case.[3]

DISH incurred significant costs defending the previous action. DISH limits this Motion to costs (including attorneys' fees) incurred defending against Plaintiff's FCCPA claims, as the costs incurred to defend against those claims is of no value in the present proceedings, and costs incurred in locating and retaining counsel in Florida. Those costs total $14,192.43. The Court should stay the present proceedings until Plaintiff reimburses DISH for those costs.

## STATEMENT OF FACTS

### I. THE PREVIOUS ACTION

Plaintiff filed the previous action in Florida state court on February 3, 2012, based on telephone calls that DISH made to the telephone number (904) 554-3332. A former DISH customer had provided DISH the telephone number (904) 554-3332 *as his telephone number*[4] and had given DISH express consent to call that number as recently as December 28, 2010 (the first call alleged by Plaintiff in the previous action was made in early October 2011). DISH's former customer fell behind on his bill. Thus, DISH made a handful of payment reminder calls (less than a tenth of the number of calls alleged by Plaintiff in the previous action) to the telephone number (904) 554-3332 between October 2011 and December 2011.

---

[3] In response to Plaintiff's motion to dismiss ('199 case, Doc. 27) in the previous action, DISH requested that the dismissal be contingent on payment of fees and costs if the case was re-filed. (*See* '199 case, Doc. 28). The court denied DISH's request without explanation, and granted Plaintiff's motion to dismiss. (*See* '199 case, Doc. 31).

[4] The former customer has never informed DISH that the telephone number (904) 554-3332 no longer belongs to him. Plaintiff did not provide a single document in the previous action that indicates that she is, in fact, the subscriber to the telephone number (904) 554-3332.

3

The payment reminder calls explicitly mentioned the former customer's name. (*See* Doc. 24, ¶15; '199 case, Doc. 2, ¶ 19.) Plaintiff knew that she did not owe any money to DISH. (*See* Doc. 24, ¶¶ 15-17; '199 case, Doc. 2, ¶ 14.) And Plaintiff knew that DISH was calling the telephone number (904) 554-3332 to reach the former customer. (*See* '199 case, Doc. 2, ¶ 19.)[5] Nonetheless, Plaintiff sued DISH under the FCCPA (and the TCPA). The FCCPA provides that *a debtor* may bring a civil action against a person who commits a prohibited act, as set forth in Florida Statute § 559.72, while collecting consumer debts. Fla. Stat. § 559.77(1). A debtor is defined by the FCCPA as a natural person obligated or allegedly obligated to pay a debt. Fla. Stat. § 559.55(2). At no time was Plaintiff a natural person obligated or allegedly obligated to pay a debt to DISH.

In the previous action, Plaintiff alleged that DISH made 264 such payment reminder calls to the telephone number (904) 554-3332. This is false. Shortly after filing its answer, DISH issued full written discovery to Plaintiff,[6] certain that Plaintiff had no evidence to support her claim of having received 264 calls. Specifically, on April 30, 2012, DISH issued Interrogatories, Requests for Production of Documents, and Requests for Admissions. Plaintiff's responses to DISH's written discovery confirmed DISH's suspicions. For instance, to DISH's request for production of documents, Plaintiff responded:

---

[5] *See* '199 case, Doc. 28, EX. A, p. 2, Response to DISH's Request for Admission No. 6 ("Admit that the Telephone Calls described in paragraph 19 of the Complaint were made to 'Justin Minella.' ANSWER: Admitted in part and denied in part. Plaintiff admits that the telephone calls described in paragraph 19 were for "Justin Minella" but denies that that the calls were made to "Justin Minella".).

[6] Plaintiff also issued full written discovery to DISH. DISH responded fully to that discovery.

**34.** Produce each and every document that supports your contention in Paragraph 21 of the Complaint that "Plaintiff received approximately two hundred and [sic] sixty-four (264) calls from Defendant from October 2011 through January 2012."

**Response: Plaintiff objects to this Request on the grounds it violates Rule 26(b)(1). Defendant has within its possession the records relating to its communications with the Plaintiff. Notwithstanding our objection;**
**Please see Bates Labeled Documents 000001-000004.**

**First Supplemental Response:** *Please see attached WAV file, which represents the audio recording transcribed in Bates Labeled Documents 000001-0000004. Additionally, client produced monthly estimates[7] in preparation for litigation and are identified on Plaintiff's privilege log.*

('199 case, Doc. 28, EX. A, p. 8.) "Bates Labeled Documents 000001-000004" are included as the last four pages of EX. A of Doc. 28 of the '199 case. "Bates Labeled Documents 000001-000004" are transcriptions of *six* telephone calls that were made by DISH to the telephone number (904) 554-3332, and that were explicitly intended for receipt by DISH's former customer. The "WAV file" referred to in Plaintiff's responses is simply the recordings that are transcribed in "Bates Labeled Documents 000001-000004." It is clear from Plaintiff's discovery responses that, rather than engage in an "inquiry reasonable under the circumstances" as required by Federal Rule 11(b), Plaintiff took a guess at the number of calls received, added well over two hundred more, and filed the previous action.

In the previous action, DISH issued and responded to full written discovery relating to the FCCPA issue (and the TCPA issue). And DISH prepared for Plaintiff's deposition relating to the FCCPA issue (and the TCPA issue); however, the deposition never went forward because

---

[7]To be clear, Plaintiff did not "produce" any "monthly estimates" to DISH. Plaintiff produced a Privilege Log (*see* '199 case, Doc. 28, EX. A, p. 9) that cites a one page "Email from Plaintiff describing telephone calls."

5

Plaintiff moved to dismiss her case on the eve of the deposition. DISH also prepared discovery-related and substantive briefs relating to the FCCPA issue (and the TCPA issue).[8]

DISH incurred significant costs defending against Plaintiff's FCCPA claims. DISH also incurred significant costs—tens of thousands of dollars—defending against the TCPA claims in the previous action. However, the costs that DISH is clearly able to attribute solely to defending the FCCPA claims total $12,622.50. *See* **Exhibit A**, which includes relevant invoices from the undersigned counsels' law firms.

Additionally, the Local Rules for the Middle District of Florida required DISH to obtain counsel who resides in Florida. Thus, DISH incurred costs in the amount of $1,569.93 to locate and retain Jeffrey Weiss and Gregg Johnson, who acted as DISH's Florida-resident counsel ("Florida-Resident Counsel"). *See* **Exhibit A.** *See also* **Exhibit B**, which includes invoices from Florida-Resident Counsel. DISH's costs incurred in locating and retaining Florida-Resident Counsel will be of no value in this action.

## II. PLAINTIFF NOW REASSERTS HER TCPA CLAIM.

On January 25, 2013, Plaintiff filed the instant Lawsuit, reasserting her claims under 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff's claims in the present proceedings and in the previous action are based upon the same telephone calls that Plaintiff alleges that DISH made to the

---

[8] For example, DISH spent significant time opposing Plaintiff's Motion to Amend Complaint in which Plaintiff sought to add claims for punitive damages under both the FCCPA and TCPA. ('199 case, Doc 16.) DISH opposed this motion as to the claims for punitive damages under both the FCCPA and TCPA. (*See* '199 case, Doc 17.) Plaintiff filed a reply to DISH's opposition to plaintiff's Motion to Amend. (*See* '199 case, Doc. 19.) DISH then filed a motion seeking leave to file a sur-reply ('199 case, Doc 20), which the court granted ('199 case, Entry 21). DISH filed its "Sur-Reply to Plaintiff's Reply Memorandum to Defendant's Opposition to Plaintiffs Motion to Amend Complaint (Doc 19)" ("Sur-Reply") ('199 case, Doc 22), which related solely to Plaintiff's FCCPA claim.

telephone number (904) 554-3332 between October 2011 and December 2011 (although Plaintiff refrains from reasserting the outrageously inflated number of calls).

**ARGUMENT**

I. **RULE 41(d) PERMITS AN AWARD OF COSTS OF A PREVIOUSLY DISMISSED ACTION WHEN AT LEAST ONE SAME CLAIM IS RE-FILED.**

Rule 41(d) of the Federal Rules of Civil Procedure provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41(d).

"The purpose of the rule is to prevent the maintenance of vexatious lawsuits and to secure, where such suits are shown to have been brought repetitively, payment of costs for prior instances of such vexatious conduct." *Oteng v. Golden Star Resources, Ltd.*, 615 F.Supp.2d 1228, 1240 (D. Colo. 2009) (J. Wiley) (quoting *Meredith v. Stovall*, 213 F.3d 1087, 2000 WL 807355, * 1 (10th Cir. 2000) (unpublished )). DISH does not need to show identity of the entire lawsuit between the previous action and the present proceeding. Rather, identity of a single claim will suffice. *See Crespo v. WFS Financial Inc.*, 580 F.Supp.2d 614, 625 (N.D. Ohio 2008):

> The court finds that the requirements of Rule 41(d) are met here because Plaintiffs voluntarily dismissed their state court case and then refiled it in federal court. While Plaintiffs argue that many of the claims in the current federal case were not present in the state case, Rule 41(d) requires only that the refiled action be "based on or *including the same claim* against the same defendant."

(Emphasis in original.)

Courts may award attorneys' fees as part of the reimbursable costs under Rule 41(d). *See Oteng*, 615 F.Supp.2d at 1240 ("The Tenth Circuit indicated in its unpublished opinion in *Meredith* that an award of attorneys' fees may be appropriate as part of an award of costs under Rule 41(d)."). The Court does not have to find that the plaintiff acted in bad faith. *See id.* at 1242. Finally, the Court may stay the present proceedings until Plaintiff has reimbursed DISH's costs incurred in the previous action. *See Esquivel v. Arau*, 913 F. Supp. 1382, 1393 (C.D. Cal. 1996) (ordering stay pending payment of costs and fees).

II. **DISH IS ENTITLED TO THE COSTS INCURRED DEFENDING AGAINST PLAINTIFF'S FCCPA CLAIMS, COSTS INCURRED RELATING TO FLORIDA-RESIDENT COUNSEL, AND TO A STAY UNTIL ALL REQUESTED COSTS ARE PAID.**

The requirements of Rule 41(d) are met. Plaintiff sued DISH under the TCPA in the previous action. Plaintiff dismissed that case and re-filed that same claim against DISH in the present proceedings. The Court may impose costs associated with work that will not be useful to DISH in the present proceedings. *See Oteng*, 615 F.Supp.2d at 1240. Although DISH incurred significant fees and costs in the previous action relating to its defense of Plaintiff's TCPA claims based on calls that never occurred,[9] DISH seeks reimbursement here *only* for the fees incurred defending against Plaintiff's FCCPA claims and in locating and retaining Florida-Resident Counsel. Those costs—totaling $14,192.43—are not of any use to DISH in the current action.

---

[9] It should be noted that Plaintiff's FCCPA claim carried with it the opportunity for DISH to seek an award of court costs and reasonable attorney's fees, where "the suit fails to raise a justiciable issue of law or fact . . . ." Fla. Stat. § 559.77(2). Because Plaintiff moved to dismiss her FCCPA claim before resolution of the previous action on the merits, DISH will not have the opportunity to seek reimbursement of court costs and reasonable attorney's fees for the hundreds of calls that were falsely alleged in the previous action.

The present proceedings should be stayed pending Plaintiff's payment to DISH of this reasonable amount. *See Esquivel*, 913 F. Supp. at 1393.

## **CONCLUSION**

For the foregoing reasons, the Court should grant DISH's motion for costs in the reasonable amount of $14,192.43, and stay these proceedings until that amount is paid.

Dated this 25th day of February, 2013.

> By: */s/ Eric Larson Zalud*
> Eric L. Zalud (OH Bar No. 0038959)
> Benjamen E. Kern (OH Bar No. 0076218)
> BENESCH, FRIEDLANDER, COPLAN &
>  ARONOFF LLP
> 200 Public Square, Suite 2300
> Cleveland, Ohio 44114-2378
> Telephone: 216.363.4178
> Email: ezalud@beneschlaw.com
> bkern@beneschlaw.com
>
> Attorneys for Defendant
> DISH NETWORK L.L.C.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of February, 2013, I electronically filed the foregoing **DEFENDANT DISH NETWORK L.L.C.'S MOTION FOR COSTS AND TO STAY THE PROCEEDINGS** with the Clerk of Court using the CM/ECF system.

*/s/ Eric Larson Zalud*
One of the attorneys for Defendant DISH Network L.L.C.

7551489 v2