IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–00192–RM–KMT

JAQUITA LYONS, on behalf of herself and others similarly situated,

    Plaintiff,

v.

DISH NETWORK L.L.C., a Colorado limited liability company,

    Defendant.

---

# ORDER

---

This matter is before the court on "Defendant DISH Network L.L.C.'s Motion for Costs and to Stay the Proceedings." (Doc. No. 10, filed Feb. 25, 2013.) Plaintiff filed her Response on March 18, 2013 (Doc. No. 13) and Defendant DISH Network L.L.C. ("DISH") filed a Reply on April 11, 2013 (Doc. No. 21). For the following reasons, DISH's Motion is DENIED.

DISH's Motion, filed pursuant to Federal Rule of Civil Procedure 41(d), seeks an assessment of costs, including reasonable attorney's fees, against Plaintiff and for a stay of these proceedings until it receives payment of these costs. DISH asserts that this assessment of costs and fees is appropriate because Plaintiff previously dismissed an action in another federal court that included the same claims. According to DISH,[1] in that prior action—which was originally filed in

---

[1] DISH has not attached the complaint or any other pertinent documents from the Florida Action to its Motion. It appears that DISH has assumed, erroneously, that the court can access the case

Florida state court and apparently was then removed by DISH to the United States District Court for the Middle District of Florida (hereinafter the "Florida Action")—Plaintiff alleged that DISH violated Plaintiff's rights under the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227(b)(1)(A)(iii), on 264 distinct occasions.  Plaintiff's complaint in the Florida Action apparently also included claims for violations of Florida's Consumer Collection Practices Act, Fla. Stat. § 559.55 *et. seq.*   DISH maintains that, after the parties "engaged in full written discovery" and "on the eve of being deposed (and after DISH's counsel had spent considerable time preparing for the deposition)," Plaintiff moved the court to dismiss her case.  (Mot. at 2.)  The Florida district court granted Plaintiff's motion to dismiss.

Plaintiff filed the present action on January 25, 2013.  (*See* Compl., Doc. No. 1.)  Plaintiff asserts two claims for violations of the TCPA on behalf of herself and a class of others similarly situated.  (*Id.*)  DISH maintains that Plaintiff's claims under the TCPA in this action are based upon the same telephone calls that gave rise to her claims in the Florida Action.

Rule 41(d), provides

If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
   (1) may order the plaintiff to pay all or part of the costs of that
   previous action; and
   (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d).  "To obtain an award of fees and costs, 'the moving party need only establish that: (1) a plaintiff's previous action was dismissed; (2) a second action was commenced that is based upon or includes the same claim against the same defendant; and (3) there are costs and

---

docket for cases filed in other federal courts, including the Florida Action.  As such, the court is unable to directly compare Plaintiff's allegations in the Florida Action to those raised in this case or draw any direct conclusions about the events surrounding the dismissal of that action.

attorneys' fees incurred by the defendant in the prior action that will not be useful in the newly-filed action.'" *Warnick v. Dish Network LLC,* 12-cv-01952-WYD-MEH, 2013 WL 1151884, at *6 (D. Colo. Mar. 19, 2013) (quoting *Siepel v. Bank of America, N.A.,* 239 F.R.D. 558, 563 (E.D. Mo. 2006)). However, the decision whether to impose costs and fees under Rule 41(d) is in the discretion of the court. *Id.* (citing *Meredith v. Stovall,* 216 F.3d 1087, 2000 WL 807355, at *1 (10th Cir. 2000) (unpublished table opinion)). "The purpose of the rule is to prevent the maintenance of vexatious lawsuits and to secure, where such suits are shown to have been brought repetitively, payment of costs for prior instances of such vexatious conduct." *Oteng v. Golden Star Resources, Ltd.,* 615 F. Supp. 2d 1228, 1240 (D. Colo. 2009) (quoting *Meredith,* 2000 WL 807355, at *1). "No showing of bad faith is required before costs may be imposed on the plaintiff under Rule 41(d), but the plaintiff's motive in dismissing the prior action may be taken into account." *Id.* (citing *Wason Ranch Corp. v. Hecla Mining Co.,* 07-cv-00267-EWN-MEH, 2008 WL 906110, at *17 (D. Colo. Mar. 31, 2008)).[2]

In this case, the court exercises its discretion and declines to assess costs against Plaintiff. As a threshold matter, although DISH has not submitted any authority to that effect, the court assumes, without deciding, that Plaintiff's current class action claims for violations of the TCPA are "based upon" the TCPA claims she brought solely on her own behalf in the Florida Action. Nevertheless, the court finds that Plaintiff has shown that this suit and the prior suit were not filed vexatiously. Plaintiff asserts that she dismissed the Florida Action and re-filed suit here because,

---

[2] There is a split in authority as to whether Rule 41(d) authorizes an award of attorney's fees. However, because the court declines to make any award under Rule 41(d), it need not address this issue. *See Oteng,* 615 F. Supp. 2d at 1240. *Compare Wason Ranch,* 2008 WL 906110, at *17 *with Cardozo v. Home Depot U.S.A, Inc.,* No. 10-2011-JWL, 2010 WL 2774137, at *7 n.5 (D. Kan. July 13, 2010) (both citing and discussing *Meredith,* 2000 WL 807355).

during the Florida Action, she came to believe that the DISH policies and practices giving rise to her individual claims were systematic, and that therefore the same practices also may have affected other consumers. Plaintiff therefore dismissed the Florida Action in order to investigate the possibility of re-filing her claims as part of a class action so as to seek nationwide redress for DISH consumers.

Further, the court finds that Plaintiff's decision to file her action in this court was not tantamount to forum shopping. Because DISH is headquartered in Colorado, this District constitutes a proper and convenient venue choice for this action. *See* 28 U.S.C. 1391(b) ("A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located . . . .").

Notably, and correctly, DISH does not seek to recoup its costs and fees associated with defending Plaintiff's TCPA claims in the Florida Action. *See Warnick,* 2013 WL 1151884, at *6 (fees and costs from prior action that will be useful in second action cannot be recouped). Instead, DISH seeks only its costs relating to defending the FCCPA claims. However, it was reasonable for Plaintiff to abandon those claims. Because Plaintiff's Complaint seeks relief on behalf of class members nationwide, asserting claims under state law could undercut the likelihood of obtaining class certification. *See* Fed. R. Civ. P. 23(a)(2), (b)(3) (class action certification requires that there be questions of law or fact common to the class and that the court find those questions predominate over any questions affecting only individual members).

Altogether, the court finds that Plaintiff did not act vexatiously by dismissing the Florida Action and filing the present action in this District.[3] Therefore, the court declines to award DISH any costs or fees associated with defending the Florida Action.

Accordingly, it is

ORDERED that "Defendant Dish Network L.L.C.'s Motion for Costs and to Stay the Proceedings" (Doc. No. 10) is DENIED.

Dated this 15th day of October, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

---

[3] The fact that Plaintiff moved to dismiss the Florida Action the day before her deposition and then omitted in this action her prior allegation that she received 264 phone calls from DISH does not prompt the court to reach a different result. Although the court acknowledges that DISH's belief that this allegation was and is grossly inaccurate and that Plaintiff dismissed the action the day prior to her deposition to avoid giving testimony on this matter, this issue is a factual dispute that is properly resolved at a later juncture in this case. More importantly, the court finds that the persuasive justifications for re-filing her suit in this District alone are sufficient to foreclose an award of costs under Rule 41(d).